The proofs of February 20th were prepared, as we have stated, on a printed form of defendant, which, among other things, contained the question:

"State fully and particularly how the injury was received and what you were doing at the time of the injury."

Plaintiff's wife, who prepared the proofs, answered this inquiry as follows:

"Walking along the side of the car New York Central R. R., slipped on something, and fell under car."

She testified that this was in her handwriting, and that plaintiff was not present at the time she wrote it. In the statement furnished May 29th, the blank was filled out by an attorney in substantially the same manner. That there was no fraud or concealment intended is manifest from the correspondence with the defendant by one of plaintiff's former attorneys, who stated the facts as they were related by the plaintiff at the trial. It also appears, from the uncontradicted evidence of plaintiff, that after he returned to work on April 28, 1902, he had an interview with a Mr. Lockwood, a representative of the defendant, to whom he recited how the accident happened, and to whom he stated that he "stepped off the train, and slipped and fell on the platform, and lost my foot." The only evidence offered by the defendant against these facts were the written statements and proofs above referred to. The jury accepted the explanation of the plaintiff, and apparently by their verdict believed him. This negatived any finding of intentional fraud or concealment.

The order and judgment appealed from should be reversed, and the verdict reinstated, with costs to the appellant.

GILDERSLEEVE and LEVENTRITT, JJ., concur in the result.

---

(56 Misc. Rep. 599.)

### MITTLEMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

1. JUDGMENT—ON MOTION TO DISMISS.
    Where defendant moves for dismissal for failure of proof, it is error to render judgment for him on the merits.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 359.]

2. STREET RAILROADS—INJURY TO PERSON NEAR TRACKS—NEGLIGENCE.
    Plaintiff, in crossing a street where a street car track made a sharp curve, at the side of which, about two feet from the track, was an unguarded excavation, after crossing the tracks, was compelled to pass between the excavation and the tracks. As she, with others, was about to cross, a car approaching the curve was stopped by a policeman to enable them to pass. Plaintiff, who was the last to cross, had passed the front end of the car, when it started, and she was struck by the rear fender as the car rounded the curve and thrown into the excavation. Held, that the motorman was guilty of negligence in starting the car before plaintiff had an opportunity to reach a place of safety.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 195–203.]

3. SAME—CONTRIBUTORY NEGLIGENCE—PASSING IN FRONT OF STANDING CAR.
    A person crossing in front of a street car while at a standstill has a
    right to assume that it will not be started or so operated as to strike her
    until she has had a reasonable opportunity to pass the point of danger.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads,
    §§ 204–209.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth
District.

Action by Gussie Mittleman against the New York City Railway
Company. Judgment for defendant, and plaintiff appeals. Reversed,
and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and
ERLANGER, JJ.

Leopold Freiman, for appellant.
William E. Weaver, for respondent.

LEVENTRITT, J. The plaintiff sues to recover for personal in-
juries received through the alleged negligence of the defendant. At
the close of the plaintiff's case the defendant moved for a dismissal
of the complaint upon the grounds that no negligence on its part
had been shown and that the plaintiff had not established her freedom
from contributory negligence. The court reserved decision, where-
upon the defendant's counsel stated: "I will rest on my motion."
No testimony was offered by the defendant. Subsequently the court
rendered judgment for the defendant upon the merits. This was er-
ror. The defendant, having moved for a dismissal for failure of
proof, was entitled at most to a judgment of nonsuit. Peggo v. Din-
an, 72 App. Div. 434, 76 N. Y. Supp. 565; Molloy v. Whitehall Port-
land Cement Co., 116 App. Div. 839, 102 N. Y. Supp. 363.

Furthermore, we are of the opinion that the plaintiff proved a cause
of action. At the time of the accident the defendant was running
cars through Delancey street from west to east and across the Wil-
liamsburg Bridge. The car tracks, before reaching the bridge, curved
sharply toward the south, and then easterly, so that a car running
along Delancey street turned and proceeded southerly for a space,
turning easterly again before crossing the bridge. On the westerly
side of this curve, about two or three feet from the car tracks, was
an unguarded excavation about three feet deep. The plaintiff was
crossing from Delancey street, going in a southerly direction to
Broome street. In so doing she was compelled to pass along a path
between the excavation and the car tracks as they curved towards
the south. As she, with several others, was about to cross the tracks,
a car approaching the curve was stopped by a policeman to enable
them to pass. The plaintiff was the last to cross, and she had pass-
ed the front end of the car, when it started and she was struck by
the rear fender. At that time she was about two feet from the track.
The side of the car passed her safely, but the fender, which was fas-
tened to the car by a strap, and one corner of which projected beyond
the car about a foot, struck her and threw her into the excavation.
Under these circumstances it cannot be said either that the plaintiff

was negligent or that she failed to show negligence on the part of the defendant. The motorman knew that the plaintiff and those who had crossed ahead of his car were proceeding near to the track and between the track and the excavation, and it was his duty to wait before starting his car until they had had an opportunity of reaching a place of safety, especially when, as it appears, even the overhang of the car, as well as the projecting fender, was liable to strike a pedestrian as the car rounded the curve. This duty he evidently failed to recognize.

Although it has been held that a person at or near a curve in a railroad track may be charged with knowledge that the rear end of a car will project a certain distance beyond the track, the decisions declaring this principle have no application to the facts disclosed in the case at bar. The plaintiff crossed in front of a car while it was at a standstill, and she had a right to assume that the car would not be started or so operated as to strike her, until she had enjoyed a reasonable opportunity to pass the point of danger.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.