KUHN, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 9—October 27, 1914.*

*Street railways: Person struck by end of car swinging out on curve: Negligence: Contributory negligence.*

While plaintiff was waiting at the near corner to board an approaching street car, the motorman signaled to her that it would stop (as an ordinance prescribed) on the far corner, which was around a sharp curve. She understood the signal and, as the motorman saw, at once started for that corner. She kept about four or five feet from the track, but as the car went around the curve its rear end swung out and struck her. The car was running on an up grade at about three miles per hour and as it rounded the curve, which was also up grade, its speed increased to about six miles per hour, greater power and speed being necessary in order to make the curve successfully. *Held*, that there was no negligence in the handling of the car and a nonsuit was proper. [Whether plaintiff was guilty of contributory negligence, not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Personal injuries. The plaintiff was injured at about 10 o'clock in the evening of March 5, 1913, by being struck by the outward swing of the rear end of a street car as it was going around a curve at the corner of Brady street (which runs east and west) and Van Buren street (which runs north and south) in the city of Milwaukee. She was a woman in fair health, in possession of her faculties, who had resided more than twenty years in Milwaukee. She came to the southwest corner of Brady and Van Buren streets and waited for the coming of a street car. The car which she proposed to take was the Holton street car, which came from the west on Brady street and turned at this corner north on to the Holton street viaduct, which is substantially a continuation northward of Van Buren street. She had taken this

car before and had boarded it at the near side of Van Buren street, *i. e.* at the corner where she was waiting, but at the time of the accident the city ordinance regulating street cars had been changed and the stopping place was on the far corner after the car had rounded the curve. The plaintiff had no knowledge of this change. There is an up grade as Brady street approaches and crosses Van Buren street. The plaintiff saw the car approaching up this grade with its lights burning and saw the motorman in front. She stepped down from the sidewalk into the street and moved toward the west, expecting the car would stop to take her on. When she was four or five feet from the track and the car was approaching from the west at a distance of about ten or twelve feet, the motorman motioned to her. She understood that he meant that he would not stop then, but would stop on the viaduct after making the turn. She at once turned and walked eastward in the same direction as the car and keeping about the same distance from the outside rail of the track. She had proceeded but four or five steps when she was struck in the back by the rear end of the car and knocked down, and suffered the injuries for which this action is brought. The evidence tends to show that the car was proceeding at about three miles an hour as it came up the grade and that the speed increased to about six miles an hour as it rounded the curve, which curve is also slightly up grade. The car was fifty-one feet in length and has an overhang on a straight track of about two feet, but when rounding a curve like the one in question the end swings out from the track nearly six feet. It was this swinging out of the end of the car which caused the accident. The plaintiff testified that she knew the car would swing out as it went around the corner, but didn't know how much, and that she was struck just as she was going to take a step or so south so as to be sure she was far enough away from the track. From a judgment of nonsuit the plaintiff appeals.

For the appellant there was a brief by *William L. Tibbs*

and *L. A. Zavitovsky,* attorneys, and *A. W. Foster,* of coun-
sel, and oral argument by *Mr. Foster.* Upon the question
of the plaintiff's contributory negligence they cited *Pitton v.
I. R. Co.* 121 N. Y. Supp. 637; *Schwartz v. N. O. & C. R.
Co.* 110 La. 534, 34 South. 667; *Mittleman v. N. Y. C. R.
Co.* 56 Misc. 599, 107 N. Y. Supp. 108; *Metropolitan R.
Co. v. Blick,* 22 App. Cas. (D. C.) 194, 214; *Fuhrman v.
Coddington E. Co.* 156 Wis. 650, 654, 146 N. W. 796; *Law-
son v. C., St. P., M. & O. R. Co.* 64 Wis. 447, 457, 24 N.
W. 618; *Schmidt v. J. G. Johnson Co.* 145 Wis. 49, 57, 129
N. W. 657.

For the respondent there was a brief by *Van Dyke, Shaw,
Muskat & Van Dyke,* and oral argument by *James D. Shaw.*
They cited *Bukowski v. Milwaukee E. R. & L. Co.* 142 Wis.
517, 125 N. W. 912; *South Covington & C. St. R. Co. v.
Besse,* 33 Ky. L. Rep. 52, 108 S. W. 848, 16 L. R. A.
N. s. 890; *Widmer v. West End St. R. Co.* 158 Mass. 49,
32 N. E. 899; *Matulewicz v. Metropolitan St. R. Co.* 107
App. Div. 230, 95 N. Y. Supp. 7; *Garvey v. Rhode Island
Co.* 26 R. I. 80, 58 Atl. 456; *Hayden v. F. H. & W. R. Co.*
76 Conn. 355, 56 Atl. 613; *Riddle v. Forty-second St., M.
& St. N. Ave. R. Co.* 173 N. Y. 327, 66 N. E. 22; *Jelly v.
North Jersey St. R. Co.* 76 N. J. Law, 191, 68 Atl. 1091;
*Kaufman v. Interurban St. R. Co.* 43 Misc. 634, 88 N. Y.
Supp. 382; *Waters v. United T. Co.* 114 App. Div. 275, 99
N. Y. Supp. 763; *Hoffman v. Philadelphia R. T. Co.* 214
Pa. St. 87, 63 Atl. 409; *Louisville R. Co. v. Ray* (Ky.) 124
S. W. 313.

Winslow, C. J. The trial judge granted a nonsuit on
the express ground of contributory negligence. We are not
to be understood as expressing approval of this reason for the
ruling. The outward swing of the end of a long car like
the one in question when rounding the sharp curve at a street
corner is quite surprising in extent to one who has not given
the matter serious attention, and we should not wish to say

that every person who knows there is *some* outward swing must be held guilty of contributory negligence because he underestimated its extent and thus found himself struck when he thought himself safe. We are, however, of opinion that the judgment was right because no negligence was shown on the part of the defendant. The business of the motorman is to operate the car with reasonable celerity for the accommodation of the traveling public, obeying city ordinances and exercising due care to protect from injury not only those who are passengers on his car but those who are in the street. He cannot move his car from the tracks, and he must certainly be entitled to assume that people on the street in apparent possession of their faculties, who see his car approaching and are then out of harm's way, will not allow themselves to come within reach of the car. The situation here was clearly not one which would lead the motorman to suppose there was any danger of injury to the plaintiff. He knew that she was waiting for the car and that she saw it approach. He knew also that he had signaled to her to go to the far corner and that she had seen and comprehended the signal and had started for that corner. Under these circumstances, and in the absence of any ordinance prescribing any different rule of action, we are unable to say that there was any fact from which a jury could find negligence in the handling of the car. It is true that it appears that the speed of the car was increased from about three to about six miles per hour, but we see no evidence of negligence here. We suppose it to be a well known fact that in rounding a sharp curve on an up grade with a long and heavy car there is much friction by the grinding of the wheels on the inside of the rails and consequent necessity for greater power and speed in order to make the curve successfully. *South Covington & C. St. R. Co. v. Besse,* 33 Ky. L. Rep. 52, 108 S. W. 848, 16 L. R. A. N. S. 890; *Widmer v. West End St. R. Co.* 158 Mass. 49, 32 N. E. 899.

*By the Court.*—Judgment affirmed.