LEVY et al. v. HORN, City Marshal.

(Supreme Court, Appellate Term, First Department.    June 14, 1915.)

1. CHATTEL MORTGAGES ⬙66—TIME OF TAKING EFFECT—DELIVERY.
   A chattel mortgage has no valid inception until actually delivered, and the date it is signed and acknowledged is immaterial, if it was not delivered until later.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 136–138; Dec. Dig. ⬙66.]

2. TRIAL ⬙165—MOTION TO DISMISS—HEARING.
   On a motion to dismiss the complaint, plaintiff is entitled to the most favorable inference that can be drawn from the testimony.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. ⬙165.]

3. TRIAL ⬙143—QUESTION FOR JURY—CONFLICTING TESTIMONY.
   Where the direct testimony was sufficient, if true, to require a judgment for plaintiff, if the cross-examination contradicted such testimony, it was for the jury, and it was error to dismiss the complaint.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ⬙143.]

4. CHATTEL MORTGAGES ⬙17—PROPERTY AND INTEREST SUBJECT TO MORTGAGE.
   The vendee in a conditional sale can mortgage such possessory title as belongs to him.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 55–58; Dec. Dig. ⬙17.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Levy and another against Benjamin Horn, a city marshal of the city of New York. From a judgment for defendant, plaintiff appeals. Reversed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Louis Halle, of New York City (Samuel J. Levinson, of New York City, of counsel), for appellant.

Leon Dashew, of New York City, for respondent.

LEHMAN, J. The plaintiff sues a city marshal for the conversion of the fixtures of a butcher named Wiesinger by levy and sale under an execution duly issued upon a judgment in favor of a creditor of Wiesinger. The plaintiff holds a mortgage on the fixtures sold. This mortgage was filed on June 9, 1914. The judgment under which the levy was made was obtained on June 16th, and the execution was issued on June 20th. The plaintiff's mortgage was dated, signed, and acknowledged on March 18, 1914, and if it actually was made on that date and recorded 10 weeks thereafter it was void under the provisions of the Lien Law. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Tooker v. Siegel Cooper Co., 194 N. Y. 442, 87 N. E. 773. The trial justice dismissed the complaint at the end of the plaintiff's case upon the authority of these cases. It does not clearly appear whether the

dismissal of the complaint is based upon the view that under the law as laid down in these cases the mortgage came into existence when it was signed and acknowledged, or whether the learned trial justice considered that the plaintiff's evidence conclusively established that the chattel mortgage was delivered on its date.

[1] There can be no real doubt that a chattel mortgage, like other instruments, has no valid inception until actually delivered, and the date on which it is signed and acknowledged is immaterial, if it be affirmatively shown that it was not delivered until later. It is true that in the case of Tooker v. Siegel Cooper Co., supra, the Court of Appeals has held that:

"Where it is put into the hands of a third party after execution, upon no condition, except that it shall not be delivered at all in the event of the payment of the debt before a specified date, and is subsequently delivered by him to the grantee, we think that such delivery must be deemed to relate back to the date when the third party received it, and that a delay of nearly a month in placing it upon file was properly held by the trial .court to be so unreasonable as to invalidate the mortgage against creditors."

A careful reading, however, of that opinion, shows that it is based upon the view that the delivery of the mortgage to a third party was made only for the purpose of evading the provisions of the statute regarding filing and publicity of chattel mortgages. Inferentially it seems to me that the court regarded the rule as absolutely established that, until there was a delivery, either conditional or unconditional, no mortgage was in existence. It follows that until that time the law could not possibly require the undelivered mortgage to be filed.

[2, 3] The really serious contention of the defendant, however, is that the plaintiff's own testimony shows conclusively that the mortgage was actually delivered on March 18th. Upon this point one of the plaintiffs testified squarely that on June 9th he loaned to Wiesinger the sum of $154.63, giving him checks for that amount, and that this sum, with what Wiesinger then owed him, made up the sum of $200, which is the amount of the mortgage, and he received the mortgage on the same day. Undoubtedly this made out a prima facie case that the mortgage was delivered on June 9th. On cross-examination the plaintiff admitted that prior to March 18th Wiesinger owed him some money, and that he was accustomed to obtain repayment of moneys loaned Wiesinger by retaining $10 each month out of payments due to Wiesinger for goods furnished by him during the month; that on March 18th Wiesinger came to plaintiff's office and signed and acknowledged the mortgage before plaintiff's foreman. He also testified that *after* signing the mortgage Wiesinger handed it to him, though it does not clearly appear that the word "after" was understood by the plaintiff to refer to the time immediately, instead of remotely, subsequent to the time of signing. In any event, however, whatever may be the contradictions in the testimony given by the witness, the plaintiff is entitled, upon a dismissal of the complaint, to the most favorable inference that can be drawn from the testimony. The direct testimony was sufficient, if true, to require a judgment in favor of the plaintiff; if the cross-examination contradicted the direct testimony, it was for the jury to determine which part of the testimony was

true, and whether the witness understood the purport of the questions put on cross-examination. The dismissal of the complaint was therefore error.

[4] The defendant also urges another ground for holding the chattel mortgage invalid, viz., that it appears that one of the machines covered by the mortgage was purchased by Wiesinger under a conditional bill of sale which was on record. While Wiesinger under that bill of sale undoubtedly did not theoretically possess legal title, he did apparently have a right to possession, and he had a right to assign or mortgage such possessory title as he had. See Moore v. Prentiss Tool & Supply Co., 133 N. Y. 144, 30 N. E. 736. Consequently the mortgagee had a right to maintain this action for conversion.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.