IDA M. MIGNAULT *vs.* RHODE ISLAND COMPANY.

MAY 23, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

(1) *Common Carriers.    Contributory Negligence.*

Declaration set out that as plaintiff was about to cross defendant's tracks near a curve, an electric car which had been at a standstill suddenly started, and was about to proceed around the curve, moving toward the point on said curve at which point plaintiff was intending to cross the tracks; that the motorman signaled plaintiff that she would not have time to cross without being struck; that thereupon plaintiff stepped back in an effort to avoid being struck, but that defendant so negligently managed the car that before plaintiff could get clear of the swing of the rear end she was struck and injured.    On demurrer:—

*Held,* following *Garvey* v. *R. I. Co.,* 26 R. I. 80, that no cause of action was stated.

TRESPASS ON THE CASE for negligence.    Heard on exception of plaintiff and overruled.

PARKHURST, C. J.    This is an action of trespass on the case for negligence, brought by the plaintiff, resident of Kent County, a pedestrian, against the defendant, a corporation operating a street railway.    The action arose out of an accident occurring in the City of Providence, Rhode Island, January 15, 1916, wherein the plaintiff alleged that she was struck by the rear end of an electric car, owned and operated by the defendant, while said car was swinging around a curve in the track opposite the front of the Union Station in Providence.

The plaintiff's declaration substantially sets forth that the plaintiff was about to cross the defendant's tracks near the corner where there is a curve in said tracks; that a car of the defendant which had been at a standstill suddenly started up and was about to proceed around said curve moving toward the point on said curve at which point the plaintiff was intending to cross said tracks; that the motorman seeing the intention of the plaintiff to cross said tracks signaled the plaintiff that she would not have time to cross said tracks without being struck by said car; that the plaintiff thereupon stepped back from said tracks in an effort to avoid being struck by said car.

The declaration further alleges "that it then and there became and was the duty of the defendant to so manage and control said car and the speed thereof that this plaintiff would have opportunity to avoid being struck thereby as said car rounded said turn or corner." The negligence of the defendant is alleged to have consisted in so negligently managing the car that before the plaintiff could get clear of the swing of the rear end of said car she was struck by the rear end of the car, thrown down and injured.

The defendant demurred to the plaintiff's declaration on three grounds:

"1. That the facts as alleged in said declaration do not constitute a cause of action against the defendant.

"2. That it does not appear in and by said declaration that the plaintiff was in the exercise of due care.

"3. That it does not appear in and by said declaration that the defendant was guilty of any negligence toward the plaintiff."

The case was heard upon said demurrer before a justice of the Superior Court in Kent County; the demurrer was sustained by decision of said justice filed February 5, 1917, to which decision plaintiff in due course took exception and prosecuted her bill of exceptions to this court.

The justice of the Superior Court in sustaining the demurrer relied upon the case of *Garvey* v. *Rhode Island Com-*

*pany,* 26 R. I. 80 (1904), and this court finds no error in said (1) decision. It was held in that case, under very similar circumstances, that a pedestrian "must be presumed to take notice of the obvious fact that the body of a street car, in rounding a curve, must necessarily swing out some little distance from the track on the outside of the curve. And for one to place himself within reach of the swing or overhang of a car while it is in motion is as much a bar to his recovery in an action against the company as though he had negligently placed himself in front of a moving car and been injured thereby. Indeed, the former act would seem to be a stronger bar to his recovery than the latter; for when one negligently places himself in front of a moving car the motorman, who is in a position to see him, is bound to avoid injuring him if possible, notwithstanding his own negligence. But, where one places himself in such a position that the motorman is unable to see him, as must have been true in the case at bar, and is hit by the swing or kick of the rear part of the car when rounding a curve, we fail to see how any liability can be fastened upon the company." See to the same effect, in principle, *Widmer* v. *West End St. R. Co.,* 158 Mass. 49, 53 (1893), where under quite similar circumstances it was held in substance that there was no negligence on the part of the defendant's driver of a horse-car in passing the plaintiff as he did while rounding the curve, "for he had no reason to suppose that she would come so near to the rear end of the car as to be struck when it went by."

Since the decision of the two cases last above cited similar questions have arisen as to the liability of defendants in similar cases involving injury to pedestrians standing or walking or persons driving vehicles upon public highways near passing street railway cars while the same were rounding curves, and where plaintiffs were injured by being struck by the swing of the rear ends of cars; we find that all of the cases cited on behalf of the defendant in the case at bar, are in substantial accord with the principles of the decision in the *Garvey* case, *supra.* *Jelly* v. *North Jersey St. Ry. Co.,*

76 N. J. Law, 191 (1908); *Louisville Ry. Co.* v. *Ray*, 124 S. W. 313 (1910); *Gribbins* v. *Kentucky T. & T. Co.*, 150 Ky. 276 (1912); *Kuhn* v. *Milwaukee &c. Co.*, 158 Wis. 525 (1914); *Gannaway* v. *Puget Sound &c. Co.*, 77 Wash. 655 (1914); *Brightman* v. *Union St. Ry. Co.*, 216 Mass. 152 (1913).

The case of *Gagnon* v. *Rhode Island Co.*, 101 Atl. R. 104, 40 R. I. 473 (1917), cited on behalf of plaintiff, is not in point. The circumstances of that case were quite different. The plaintiff was walking on a sidewalk; the car came up behind her and there was .evidence from which the jury might find that the car was operated without warning to plaintiff when the danger of her being struck by the car, in swinging about a curve whereby the rear end of the car would swing over the sidewalk where the plaintiff was walking and strike her, must have been apparent to the motorman.

The plaintiff's exception is overruled and the case is remitted to the Superior Court sitting in the County of Kent, with direction to enter its judgment for defendant, in accordance with the decision of the trial judge.

*Quinn & Kernan*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.