RUDOLF GELB, Appellant, v. THIRD AVENUE RAILWAY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, April 11, 1924.

Motor vehicles — action for damages when plaintiff's automobile was struck by trolley car at crossing — plaintiff had right to assume trolley car would not be put in motion while he was crossing trolley tracks — error to dismiss complaint — contradictory or inconsistent testimony by plaintiff or his witnesses does not deprive him of right to trial by jury.

The dismissal of a complaint in an action for damages arising from a collision between a trolley car and plaintiff's automobile cannot be sustained where there is no evidence to indicate that the plaintiff was guilty of contributory negligence and where it appears that he was carefully and lawfully crossing defendant's trolley tracks at a street intersection and had the right to assume that the trolley car would not be put in motion while he was crossing the tracks.

The mere fact that the plaintiff or some of his witnesses may have given contradictory or even inconsistent testimony does not deprive the plaintiff of the right to have the truth ascertained by the jury.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, dismissing the complaint at the close of plaintiff's case.

*Sydney D. Robins*, for the appellant.

*Alfred T. Davison* (*John J. O'Connell*, of counsel), for the respondent.

BIJUR, J.   Plaintiff was driving his automobile west on Forty-second street.   His brother-in-law was driving another automobile eight or ten feet in front of him.   When they reached the corner of Third avenue a trolley car of the Third Avenue line was stopped just above the north crosswalk.   He testified: " My brother-in-law crossed, and I was about the same distance behind him.   He crossed the tracks completely and I followed.   The car was standing yet when I reached the north bound (tracks) of the Third Avenue car, which my automobile was on the north track already, I was on the south bound track, of the Third Avenue car, and the car was still standing, and after that, all of a sudden there was a crash; so I looked around, the car was right behind me, hit in the back of the sedan."   In addition to this testimony the plaintiff said that the " left side of the front of the car struck the right side

of his machine on the rear end." On cross-examination plaintiff testified that he did not see the trolley car start; that the last time he saw it was when he was " at the corner; " that he " paid no attention to the trolley car " while he was crossing " I looked ahead of me." Plaintiff's witness, who was sitting with him in his automobile, testified that the trolley car started as the automobile was " just getting, you know, on the first tracks. We were not standing, we were going while the way was clear."

At the close of plaintiff's case defendant's counsel moved to dismiss on the ground that no negligence of defendant was shown or freedom from contributory negligence on plaintiff's part, and the court said: " Where is the negligence complained of? " and when plaintiff's counsel stated his case correctly, the court said: " That isn't the testimony of the plaintiff's witness, though * * *. There is a conflict here between the testimony of the plaintiff and his own witness * * *. The testimony of the plaintiff's witness is that when the car (automobile) was on the north bound track defendant's trolley had already started." After some further discussion on that point the learned judge remarked that " the bill of damages is going to be the subject of speculation by the jury." No motion had been made in respect of the testimony in regard to the damages, nor any objection taken to its introduction. Moreover, it seems to have been sufficiently connected with the accident as described by the various witnesses. The dismissal, therefore, cannot be sustained, as defendant now undertakes to do, by appealing to an absence of either competent or sufficient proof of damages. Nor, indeed, does respondent undertake to justify the dismissal upon the ground indicated by the learned judge below as to the contradiction between plaintiff and one of his witnesses, if such there be, evidently appreciating that where the plaintiff has made out a *prima facie* case, the mere fact that some of his witnesses or himself may have given contradictory or even inconsistent testimony does not deprive him of the right to have the truth ascertained by the jury. *Ochs* v. *Woods,* 221 N. Y. 335, 340; *Greeff Engineering & Mfg. Co.* v. *Scourene Mfg. Co.,* 182 App. Div. 311, 316; *Levy* v. *Horn,* 90 Misc. Rep. 624. Indeed, if such were not the rule, the principle that while a party may not impeach his own witness he may prove any material fact to be different from what such witness may have testified (*Thompson* v. *Blanchard,* 4 N. Y. 303, 311; *Coulter* v. *American Merchants' Un. Ex. Co.,* 56 id. 585, 589) would be meaningless; if the bare contradiction controlled the party would be out of court by its mere occurrence.

Respondent's counsel now apparently relies solely on the claim that plaintiff was manifestly guilty of contributory negligence.

I can find very little basis for even claiming that plaintiff was guilty of contributory negligence, and certainly no ground for holding it as matter of law. Plaintiff was carefully and lawfully crossing Third avenue at Forty-second street immediately following the car ahead of him. The trolley car was standing still and he had a perfect right to assume that the trolley car would not be put in motion while he and the car ahead of him were lawfully and reasonably crossing the tracks. On plaintiff's version or that of his witness, whichever be accepted, the motorman was apparently wholly and solely at fault.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

McCook and Crain, JJ., concur.

Judgement reversed. _____