[No. 20644.   Department Two.   August 19, 1927.]

Edwin P. Whiting, *as Executor of the Estate of Sarah F. Whiting, Deceased, Respondent,* v. The City of Seattle, *Appellant.*[1]

[1] Death (7)—Statutes (68)—Actions for Wrongful Death— Joinder—Legislative Construction of Statutes — Subsequent Act. Under the rule that a subsequent act, evidently passed to aid in the interpretation of a prior act, should be given consideration, Rem. Comp. Stat., § 194, providing that actions for personal injuries occasioning death shall not abate or the right of action determine by reason of such death, but that the action may be prosecuted in favor of certain beneficiaries, should be construed to authorize the joinder or consolidation of actions, one for the personal injuries and suffering sustained by the deceased, and one by the executor for wrongful death and funeral expenses under Rem. Comp. Stat., §§ 183, and 183-1; in view of Rem. 1927 Sup., § 194, revising the practice so that actions for wrongful death, both under §§ 183, 183-1, and 194, are to be prosecuted or commenced and prosecuted by the executor or administrator on behalf of the beneficiaries.

[2] Evidence (53)—Res Gestae—Statements After Event. In an action for wrongful death, statements made by the deceased within ten or fifteen minutes after the accident, while being taken home, are properly admitted as part of the *res gestae.*

[3] Street Railways (19)—Contributory Negligence of Person Injured—Duty of Person Crossing Tracks. A pedestrian is not guilty of contributory negligence, as a matter of law, in crossing in front of a street car, standing at its usual loading place, although at a place other than a regular street crossing.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 1, 1927, upon findings in favor of the plaintiff, in an action for wrongful death, tried to the court. Affirmed.

*Thomas J. L. Kennedy, Arthur Schramm,* and *Thos. N. Swale,* for appellant.

*R. J. Meakim* and *E. P. Whiting,* for respondent.

[1]Reported in 258 Pac. 824.

HOLCOMB, J.—On January 13, 1926, appellant was operating a street car system, with a cable line on James street operating in an easterly and westerly direction, intersecting a double-track electric line running north and south on Broadway. At the northeast corner of Broadway and James, the city maintains a building used as a power station and rest room, with a level loading space for passengers in front of the building and immediately north of the James street tracks. The curb is cut away, for about one hundred feet north of the cable line, on the east side of Broadway, thus providing a loading place for northbound cars. At the time of the accident involved here, an electric car, in charge of a motorman only, was standing at the usual stopping place above described, directly north of the James street cable line, taking on passengers at the forward end, with the right front gate open.

Deceased, a woman seventy-six years old, had just alighted from a James street cable car, had a transfer, and was waiting for the southbound Broadway car, at the usual loading place on the west side of the street. Another elderly lady, Mrs. Sackett, a stranger in the city and unfamiliar with the points of transfer on the car lines, had a transfer for, and was awaiting, a northbound car. She was standing on the west side of the street, not knowing that the northbound cars loaded only on the east side of Broadway. Mrs. Sackett requested the assistance of deceased in locating and boarding her proper car. She did not know that the car then standing on the east side of Broadway, loading passengers on its right front platform, was the car for which she held a transfer. Deceased, attempting to aid Mrs. Sackett to find and board her car, crossed the street easterly, Mrs. Sackett following, and approached the standing car. The gate was open and

passengers were boarding it, and deceased undertook to pass in front of the car. She was a little in advance of Mrs. Sackett, as she started to pass in front of the car, and, just as she stepped over the west rail, the motorman started the car, without looking forward, without any kind of a warning, and while looking at and operating the gate of the platform to his right. Deceased was struck and thrown to the pavement. The motorman stopped his car within a very few feet, and before it ran over deceased. He picked her up, spoke to her, obtained her address, and asked a young man in an automobile who, attracted by the accident, drove up just then, to take deceased to her home. To this the young man assented, and took her in his automobile to her home. He reached her home within fifteen or twenty minutes after the accident.

Deceased suffered an intra-capsular fracture of the head of the left femur, which resulted in her death on February 7, 1926. Prior to her death, on February 1, she filed her claim against appellant in the sum of $25,000 for personal injuries, pain and suffering, and $271.50 for hospital, nurses' and physicians' services. After her death, on February 11, 1926, respondent, as executor of her estate, filed another claim. In his claim he asked $404 for hospital, nurses' and physicians' services, $350 for funeral expenses, $5,000 for pecuniary loss, and $25,000 for the use and benefit of Edwin P. Whiting and Roscoe Everett Whiting, the two sons of deceased, as damages for the physical injuries, mental and physical suffering sustained and suffered by deceased.

The trial judge, sitting as the sole trier of the facts, found for respondent and gave judgment in the sum of $425 for medical attention and hospital bills, $350 for funeral expenses, and $4,000 for pain and suffering,

but denied recovery for wrongful death, upon the ground that there was no proof of pecuniary loss.

[1] On appeal, much of the argument of appellant revolves about the question of improper joinder of causes of action and insufficient facts alleged to constitute a cause of action.

It is argued that the complaint states three causes of action: 1st. For the injury, pain, suffering and medical expenses incurred by deceased prior to her death, for which she could have recovered had she lived. 2nd. For the wrongful death, for the benefit of the two sons for their alleged pecuniary loss. 3rd. For funeral expenses.

It is contended that the first cause of action is based solely on Rem. Comp. Stat., § 194 [P. C. § 8275]; the second on Rem. Comp. Stat., §§ 183 and 183-1 [P. C. §§ 8259, 8260]; and that the third is a common law right of action involving damage to the estate, which cannot be claimed under either § 194 or § 183.

The second cause of action, that for recovery for wrongful death, was eliminated by the court's finding that there was no proof in support thereof.

Appellant's contention is, that two separate actions should have been brought for the injuries sustained by the decedent; one by the executor for wrongful death and for funeral expenses, under §§ 183 and 183-1; and another by the children, in their individual capacities, for hospital expenses, doctor bills, and pain and suffering, under § 194; and that the executor cannot, in his representative capacity, recover for pain and suffering under § 194.

We have held, in *Swanson v. Pacific Shipping Co.*, 60 Wash. 87, 110 Pac. 795, a case not cited by either party, that, under § 194, where an action was commenced by the injured party himself for damages for

negligence, and afterwards the original plaintiff became insane, upon which his wife and children were substituted as parties plaintiff for their own benefit, and after which the original plaintiff died, upon which a second supplemental complaint was filed and a substitution of the widow and minor children was permitted as parties plaintiff in the action and the cause permitted to be continued and prosecuted in their names, to recover such damages as he could have recovered, had the cause been tried prior to his death, that § 194 was intended to give the wife and children the right of action to recover the damages which the husband and father would have recovered in his action, had he survived.

These various sections, 183, 183-1 and 194 of the statutes, as they have been successively amended by various legislatures, have been before this court for construction a number of times. See: *Swanson v. Pacific Shipping Co., supra; Kanton v. Kelly,* 65 Wash. 614, 118 Pac. 890; *Thompson v. Seattle, Renton & S. R. Co.,* 71 Wash. 436, 128 Pac. 1070; *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917; *Brodie v. Washington Water Power Co.,* 92 Wash. 574, 159 Pac. 791; *Whittlesey v. Seattle,* 94 Wash. 645, 163 Pac. 193, L. R. A. 1917D 1084; *Machek v. Seattle,* 118 Wash. 42, 203 Pac. 25; *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164.

. It is contended, that there is some inconsistency between the holdings of this court in the constructions rendered in the foregoing cases, especially between the constructions in *Howe v. Whitman County* and *Machek v. Seattle,* the last two cases above cited. We confess that, apparently, there is; but whether so or not, and which construction is correct, is immaterial now, because the legislature has come to the relief and passed chapter 156, Laws of 1927, p. 143, entitled

"An Act relating to the survival of actions and causes of actions for personal injury resulting in death, amending Section 18 of the Code of Washington Territory of 1881, and repealing Chapter 144 of the Laws of 1909."

Section 1 of that act provides for the amendment of § 18 of the Code of Washington Territory (§ 194, Rem. Comp. Stat.) to read as follows:

"Section 18. No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, or leaving no wife or issue, if he have dependent upon him for support and resident within the United States at the time of his death, parents, sisters or minor brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, in favor of such wife, or in favor of the wife and children, or if no wife or child or children, then in favor of his parents, sisters or minor brothers who may be dependent upon him for support, and resident in the United States at the time of his death." Rem. 1927 Sup., § 194.

This court has said that not only contemporaneous and prior statutes, but a subsequent statute, may often aid in the interpretation of a prior one (*New Whatcom v. Roeder*, 22 Wash. 570, 61 Pac. 767); that we should give some heed to the legislative construction of prior acts (*State ex rel. Sherman v. Benson*, 111 Wash. 124, 189 Pac. 1000); and that a subsequent act, evidently passed to aid in the interpretation of a prior act, should be given consideration (*American Savings Bank & Trust Co. v. National Surety Co.*, 104 Wash. 663, 177 Pac. 646). See, also, *Haynes v. Seattle*, 87 Wash. 375, 151 Pac. 789.

It is manifest that, under ch. 156, Laws of 1927, p. 143, had the two causes of action been instituted in

separate suits by respondent, they could have been consolidated, after that enactment, and prosecuted as one action by the executor; and that the executor could have been substituted in either, or both, of the actions necessary for the valid prosecution of such action, after the above legislation went into effect. This legislation affects only procedure, and not substantive rights.

Inasmuch as the action is now being prosecuted by the executor, it is immaterial when the causes of action accrued in such form that they could be prosecuted, or commenced and prosecuted, by the executor, since the passage of ch. 156; and, under the former legislation and construction thereof, actions both under §§ 183, 183-1 and 194 are to be "prosecuted, or commenced and prosecuted," by the executor or administrator in behalf of the beneficiaries under either statute.

As to the contention of appellant, that there was a failure to prove negligence on the part of appellant's operator and that there was evidence of contributory negligence on the part of decedent, we have examined the record and find that it sustains the findings of the trial court.

[2] As to a contention made in connection therewith, respecting statements made by decedent to her son, E. P. Whiting, which appellant asserts cannot be considered as *res gestae,* since they were not made at the time of the accident, but about an hour afterward, after she had been taken home and had talked with her doctor and with the young man who conveyed her home, we are doubtful, also, whether such statements made to her son are properly a part of the *res gestae;* but there were other statements made immediately, within ten or fifteen minutes after the accident, by decedent to the young man who took her home, which

are to be considered properly admitted as *res gestae*. Furthermore, we must remind appellant, the facts in this case were passed upon by the trial judge alone, who may be presumed to have disregarded all improper and incompetent evidence.

[3] As to the assertion that decedent was guilty of contributory negligence, since the evidence shows that the street car in question was standing at a regular stopping place and where there was a very long regular loading place, we must presume that decedent was not guilty of any lack of ordinary care in crossing in front of the street car at that place. She was not attempting to cross in front of a moving car, so that cases applicable to such situations are not applicable here. Here, she had a right to assume that the standing car would not be started, until she had passed in front of it and reached safety; or that, before moving, some warning would be given. Elliott on Railroads, § 1550; *Mittleman v. New York City R. Co.,* 56 Misc. Rep. 599, 107 N. Y. Supp. 108; *Gelb v. Third Ave. R. Co.,* 123 Misc. Rep. 136, 204 N. Y. Supp. 251.

Nor is a person necessarily a trespasser and guilty of contributory negligence in crossing the track in the street, either on foot or in a vehicle, at some place other than a regular street intersection or crossing. Elliott on Railroads, § 1533.

The judgment of the trial court is right, and is affirmed.

MACKINTOSH, C. J., TOLMAN, FRENCH, and PARKER, JJ., concur.