[No. 35032.   Department Two.   January 14, 1960.]

WALTER E. DAVIS *et al., Respondents,* v. H. LEONARD SILL *et al., Appellants.*[1]

[1]Reported in 348 P. (2d) 215.

478

*Lycette, Diamond & Sylvester* and *Martin L. Wolf,* for appellants.

*Rosling, Williams, Lanza & Kastner* (*Paul C. Gibbs,* of counsel), for respondents.

HUNTER, J.—This appeal arises out of an action to recover for injuries sustained in an automobile collision. Liability was admitted and the case was tried to the court on the issue of damages only. Judgment was awarded in favor of plaintiff Walter E. Davis, personally, in the following sums: $590.76 for medical expenses, $2,944 for loss of wages, $9,000 for diminution of future earning capacity, and $11,000 as general damages. Damages in the sum of $3,922.25 were allowed the plaintiff as guardian *ad litem* for his minor son. Defendants, H. Leonard Sill and Gwen Sill, his wife, appeal. In their assignments of error the appellants question only the damages awarded the respondent father, hereafter referred to as the respondent.

Appellants contend the court erred in permitting Dr. William Girling to testify concerning the results of his second examination of the respondent for the reason that no medical report of this examination had been furnished to the appellants; that the respondent was thereby in violation of Rule of Pleading, Practice and Procedure 35 (b) (1), RCW Vol. 0, providing, upon re-

quest, for an exchange of medical reports of the physical condition of the party examined. There had been an exchange of reports of the first examinations of respondent. The second examination by Dr. Girling was made four days before trial and as testified by the doctor, he was too busy to prepare a written report prior to the hearing. The doctor was permitted, over objection, to testify to certain matters discovered by the second examination concerning the torn and strained muscles at the back of the neck and torn nerve ends which affected respondent's vision. Appellants claimed surprise. The admission of the testimony was within the discretion of the trial court, under the clear language of the rule, that

" . . . If the party examined refuses to deliver such report the court on motion and notice *may* make an order requiring delivery on such terms as are just, and if a physician fails or refuses to make such a report the court *may* exclude his testimony if offered at the trial." (Italics ours.)

■ Here the record discloses the doctor's testimony may have been a surprise to the appellants, but there was *no surprise as to any new issue in the case.* The physical condition of the respondent, as testified to by Dr. Girling, *was within the issues raised in respondent's complaint.* We see no intention of the respondent to violate the above rule and, under the circumstances, find no abuse of discretion by the trial court in permitting Dr. Girling to testify to matters disclosed by his second examination.

■ Appellants contend the allowance of wages for time loss in excess of two months is not supported by the record. We disagree. The record shows the respondent was an experienced sea captain; that his wages, while working in the harbor, were higher than for coastwise operation of vessels outside the harbor; that as a result of his injuries he had difficulty in performing his work in the harbor as the nervous and muscular strain was too great in that he was required to pay close attention to the pilot while " . . . looking up at the bridge all the time." Consequently, it was necessary to ask for a transfer to coastwise work exclusively. We find sufficient evidence to support the trial

court's awards for the months of April, May and June, as the difference in his monthly earnings before the accident and his earnings during those months after the accident.

Appellants contend the court erred in examining the medical file of Dr. Albert Seering. Dr. Seering had been called as a witness for the appellants. The question arose as to whether the doctor knew which party requested the examination. The trial judge, for the purpose of inquiring into the credibility of the witness, requested that he be permitted to look at the medical file in Dr. Seering's hands. The file was examined with the consent of appellants' counsel. Appellants contend they have been prejudiced by the court's examination of this file, which was wholly hearsay.

Both parties unequivocally consented to the examination of the file by the trial judge; objection to this cannot be urged for the first time on appeal. *Holm v. Investment & Securities Co.,* 195 Wash. 52, 79 P. (2d) 708 (1938); *Fleming v. Seattle,* 45 Wn. (2d) 477, 275 P. (2d) 904 (1954). Since there is no affirmative evidence to the contrary, we must presume that the trial judge, knowing the rules of evidence, did not consider matters which were inadmissible when making his findings. *Kemp v. Putnam,* 47 Wn. (2d) 530, 288 P. (2d) 837 (1955); *Walker v. Herke,* 20 Wn. (2d) 239, 147 P. (2d) 255 (1944); *Whiting v. Seattle,* 144 Wash. 668, 258 Pac. 824 (1927).

The appellants contend the trial court erred in awarding to the respondent nine thousand dollars as damages for diminution of future earning capacity. This contention is based upon language in the trial court's oral opinion which appellants interpret as a statement that at a period twenty-three years away from the date of trial the respondent Davis would be unable to work the twenty-fourth year because of injuries sustained. Appellants argue "that to base a determination of diminution on earning capacity on the fact that a man would not be able to work the twenty-fourth year following this accident is pure speculation and cannot be sustained."

The trial court's comments in its oral opinion are not of controlling significance here. The real issue raised by this assignment of error is whether the record supports the trial court's finding that the respondent suffered a *diminution* of his future earning capacity in the sum of nine thousand dollars.

An examination of the record discloses the trial court could conclude that the respondent would be permanently affected by the injuries sustained and that his knee injury would become progressively worse; and that because of the nature of respondent's work, his injuries would force an earlier retirement than would otherwise be necessary. Moreover, the record shows that respondent's employer has no compulsory retirement age and retains qualified ships' masters as long as possible.

The court could further conclude that the injuries sustained by the respondent interfered with his ability to engage in harbor work which, as previously stated, paid a higher scale.

We are satisfied that the record supports the trial court's finding that the respondent suffered a diminution of future earning capacity in the sum of nine thousand dollars, and the findings of the trial court will not be overturned where supported by the record. *Wise v. Farden,* 53 Wn. (2d) 162, 332 P. (2d) 454 (1958), and cases cited therein.

Appellants further contend the trial court erred in not reducing the award for diminution of future earning capacity to its present value. We find nothing in the record to indicate that such a request was made by the appellants to the trial court; this issue, therefore, cannot be raised for the first time on this appeal. See *Wentz v. T. E. Connolly, Inc.,* 45 Wn. (2d) 127, 273 P. (2d) 485 (1954); *Kellerher v. Porter,* 29 Wn. (2d) 650, 189 P. (2d) 223 (1948).

The judgment is affirmed.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.