Hoverson, imp., vs. Noker and others.

*April 15 — May 15, 1884.*

*(1) Liability of father for torts of minor child. (2) Evidence as to previous acts in father's presence. (3) Husband, when a party, a competent witness for wife.*

1. A father who permits his young children to do, upon his premises, acts which are likely to cause injury to passers-by, is responsible for an injury so resulting, although he did not, by express words of command, direct his children to do such acts.

2. In an action for an injury caused by the frightening of a horse by boys who shouted and fired pistols as the plaintiff was passing their father's premises, it was proper to show that such acts had previously been performed by the boys, sometimes in their father's presence.

3. In an action by husband and wife for a personal injury to the latter, the husband is a competent witness for the plaintiffs so long as he remains a party to the record.

APPEAL from the Circuit Court for *Kewaunee* County.

The complaint contains two counts, one based upon injuries received by the plaintiff wife in the morning, and the other upon injuries received by her in the afternoon, of the 16th day of July, 1882. Such injuries were alleged to have been caused by the acts of the two sons of the defendant *Frank Noker*, who were then between eight and nine years of age.

The evidence given at the trial, and that excluded by the court, will sufficiently appear from the opinion. The circuit court held that there was no evidence upon the first count to go to the jury, and submitted to them certain questions for a special verdict, all of which related to the facts stated in the second count of the complaint. In answer to such questions the jury found that, as the plaintiffs were returning from church in the afternoon of the day in question, the two sons of the defendant *Frank Noker* made noises such as would naturally tend to frighten horses being driven

along the highway in front of his house; that such noises were made by them with the intention of frightening the plaintiffs' horses; that the horses were frightened thereby, and ran or jumped, causing injury to the plaintiff *Sarah Hoverson;* that the defendant *Frank Noker* did not direct his sons to make the noises, but that he approved of their acts at the time. The jury also assessed the damages of *Sarah Hoverson* for the injury so sustained by her while returning from church, at five dollars.

Judgment upon the verdict was entered in favor of the plaintiffs for five dollars damages, and in favor of the defendants for costs. The plaintiff *Sarah Hoverson* appealed.

For the appellant there was a brief signed by *R. L. Wing*, attorney, and *Timlin & Manseau*, of counsel, and the cause was argued orally by *Mr. Timlin*. To the point that although a father is not generally answerable for the torts of his minor children, yet, having authority over them, he may be liable for their acts done in his presence or with his approval, they cited: *Strohl v. Levan*, 39 Pa. St., 177; *Bishop v. Ely*, 9 Johns., 294; *Hilmes v. Stroebel*, 59 Wis., 74; *Hanson v. Fowle*, 1 Sawyer C. C., 539; *Dixon v. Bell*, 5 Maule & S., 198; *Castle v. Duryee*, 2 Keyes, 169; Cooley on Torts, 115, 533; *Comm. v. Burk*, 11 Gray, 437.

For the respondents the cause was submitted on the brief of *Nash & Nash*.

TAYLOR, J. The plaintiffs in this action are husband and wife, and the defendants are father and his two sons. The action was in the nature of an action on the case for an injury to the wife, caused, as alleged in the complaint, by the joint acts of the defendants.

The evidence given on the trial shows pretty clearly that, while the plaintiffs were passing along the highway with their team and wagon, in front of the defendant's house, on a Sunday, going to church, the two young sons of the defend-

ant *Frank Noker* came out of their father's house and fired off a pistol and shouted, and so frightened the plaintiffs' horses that they jumped suddenly forward and threw *Sarah Hoverson* out of the seat and injured her; and in the afternoon, on their return from the church, the boys again fired the pistol and shouted and again frightened the plaintiffs' horses, but did not injure *Mrs. Hoverson* to as great an extent as in the morning.

The jury, under the instructions of the court, found a special verdict, and assessed the plaintiffs' damages at the sum of five dollars. From the judgment entered on such verdict *Sarah Hoverson* appeals to this court.

The case, though not involving any great amount of money, has been argued by counsel orally and in the submitted briefs with a degree of ability and care highly commendable.

The learned counsel for the appellant presents several points upon the rulings of the court upon the trial rejecting evidence offered by him, for which he claims the judgment should be reversed. It will be seen by an examination of the record that it became important for the plaintiffs to connect the father with the acts of his young sons, which the plaintiffs allege caused the injury complained of, and for this purpose the plaintiffs offered evidence tending to prove that the sons had frequently, before the day upon which the accident happened, called abusive names, shouted, and frequently discharged fire-arms when persons were passing the house of the defendants, and that this was often done in the presence of their father. All evidence of this kind was excluded. This, we are inclined to hold, was error. If the father permitted his young sons to shout, use abusive language, and discharge fire-arms at persons who were passing along the highway in front of his house, he permitted that to be done upon his premises which, in its nature, was likely

to result in damage to those passing, and when an injury did happen from that cause he was not only morally but legally responsible for the damage done. If a parent permits his very young children to become a source of damage to those who pass the highway in front of his house, he is as much liable for the injury as though he permitted them to erect some frightful or dangerous object near the highway which would frighten passing teams; and in such case he cannot screen himself by saying that he did not in words order the erection to be made. If he made it himself, with the intention to frighten passing teams, he would be responsible for the injury caused by it; and when he permits his irresponsible children to do it he is equally liable, because he has the control of his premises as well as of the children, and is bound to restrain them from causing a dangerous thing to be erected on his premises near the highway; and permitting his young sons to become an object of fright to teams passing, is certainly equally if not more reprehensible than permitting an inanimate structure to be placed where it would cause such fright. We think the evidence ought to have been admitted in order to connect the father with the acts of the young sons which caused the injury when the plaintiffs were on their way to church in the morning, as well as when on their return from the church in the afternoon.

The next error complained of is the refusal of the court to permit the husband to be examined as a witness on the trial. Although the action was for the recovery of damage done to the person of the wife, still the husband was a party to the action, and under the decisions of this court he was a competent witness for the plaintiffs. It seems to us that the ruling of the court below was in direct conflict with the decisions of this court in *Hackett v. Bonnell*, 16 Wis., 471, which decision was approved and affirmed by this court

in the case of *Snell v. Bray*, 56 Wis., 156, 161. See, also, *Holmes v. Fond du Lac*, 42 Wis., 282; *Kaime v. Village of Omro*, 49 Wis., 371; and *Barnes v. Martin*, 15 Wis., 240. We think the husband was a competent witness in the case so long as he remained a party to the record, and it was error not to permit him to be examined.

Other exceptions to the rejection of evidence were taken, but it is unnecessary to consider them, as they will not be likely to occur upon a new trial.

The nonsuit in favor of the father upon the first cause of action stated in the complaint was, we think, improperly granted, even upon the evidence admitted by the court. There was at least some evidence admitted upon which the jury might have held the father liable for the acts done in the morning. On the case made by the plaintiffs, under the too strict rule held by the court as to the admission of evidence, there was still enough to carry the case to the jury upon both the causes of action stated in the complaint; at least, so far as the father was concerned.

The exceptions to the rulings as to the form of the special verdict need not be considered, as there must be a new trial for the errors above suggested. We deem it proper, however, to say that the judge, in his instructions upon the following question submitted to them, "Did the defendant *Frank Noker* direct his sons, the other two defendants, to make the noise they did when the plaintiffs were passing the house with their team?" fell into an error when he instructed them "that in order to answer this question in the affirmative they must be satisfied from the evidence that he by *word* so directed his sons to make the noise." This was too strict a limitation upon the subject. The evidence might have satisfied the jury that he directed the acts of his sons, but they might be unable to find evidence that he did so direct it by express words of command. Certainly no

express command to do as they did was necessary to hold the father liable for their acts.

For the errors mentioned the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.[1]