[No. 10818.  Department One.  February 21, 1913.]

MARY P. BULLOCK, *Respondent*, v. FRANK M. STANLEY *et al.*,
*Appellants.*[1]

EVIDENCE—LOST WRITING—PAROL EVIDENCE.  Parol testimony to prove a written assignment of an account which had been lost is admissible, where it appears that plaintiffs claimed through a written assignment from a copartnership, that the assignment in question had theretofore been made to the copartnership upon a change in the firm membership, and that three years had elapsed since the first assignment had been made.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 29, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Carkeek, McDonald & Kapp*, for appellants.
*Elias A. Wright*, for respondent.

PER CURIAM.—This is a suit upon an assigned account. There was a verdict and judgment for the plaintiff.  The defendants have appealed.

[1]Reported in 130 Pac. 95.

The appeal presents two questions. The first contention is that the evidence of the indebtedness is insufficient to support the verdict. This contention is wholly wanting in merit. The verdict has substantial evidence to sustain it, and the question of the weight of the evidence was one for the jury.

The respondent claims through an assignment made by P. S. Combs & Co., a copartnership. The assignment is in writing and was put in evidence. Upon the trial it was shown, that, prior to the date of the assignment, P. S. Combs had purchased the interest of his copartners in the business, including the account in controversy; that they had retired; that he had taken his son into the copartnership; and that the partnership at the date of the assignment was composed of P. S. Combs and his son. Combs testified that this assignment was also in writing. The writing was not produced, and the admission of the parol testimony to prove the assignment is the second error assigned. It is contended that its absence was not sufficiently accounted for. Considering the time that had elapsed between the date of the first assignment and the trial, which was nearly three years, we think the evidence offered as to the loss of the assignment was sufficient to admit parol testimony.

The judgment is affirmed.