[No. 10208.  Department One.  April 16, 1913.]

SUTHERLAND & BREWER, *Respondents*, v. LEWIS RIVER BOOM
& LOGGING COMPANY, *Appellant*.[1]

LOGS AND LOGGING—BOOMS—NEGLIGENCE—EVIDENCE—ADMISSIBIL-
ITY.  In an action for loss of logs which the defendant had con-
tracted to drive, sort and boom, evidence is admissible to show that
defendant's boom was not properly constructed causing it to break,
and resulting in the loss of the logs, as one of the issues was de-
fendant's negligence.

APPEAL—REVIEW—VERDICT.  The weight of the evidence, the cred-
ibility of the witnesses, and the amount of damages, is within the
exclusive province of the jury where the evidence is conflicting.

Appeal from a judgment of the superior court for Cowlitz
county, McKenney, J., entered June 26, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
for damages.  Affirmed.

*Miller, Crass & Wilkinson*, for appellant.

*W. G. Drowley* and *R. Sleight*, for respondents.

PER CURIAM.—Action by Sutherland & Brewer Logging
Company, a copartnership consisting of T. D. Sutherland and
W. D. Brewer, against Lewis River Boom & Logging Com-
pany, a corporation, to recover damages for loss of logs.
From a verdict and judgment for $4,737.50 in plaintiff's
favor, the defendant has appealed.

Respondents are engaged in cutting timber into logs and
procuring them to be driven to market.  Appellant is a
public service corporation, organized under the laws of this
state for the purpose of clearing the North Fork of Lewis
river, in Cowlitz county, and driving, sacking, sorting, raft-
ing and booming logs and other timber products.  On Sep-
tember 14, 1908, appellant and respondents entered into a
written contract, whereby appellant, for a stipulated consid-
eration, agreed to sack and drive all logs then in Lewis river

[1]Reported in 131 Pac. 455.

owned by the respondents, or which respondents might place in the river prior to November 15, 1908, and by August 1, 1909, deliver the same in appellant's boom at the mouth of the river. By the contract, it was further stipulated and agreed that, if respondents should place additional logs in the river after November 15, 1908, they were to be marked with a different brand from those placed in the river prior to that date. Respondents alleged that, in pursuance to this contract, they placed a large quantity of logs in the river prior to November 15, 1908, marked with a foot as a brand, and that such logs were known as the "foot logs;" that they placed in the river after November 15, 1908, additional logs marked "7 UP" as a brand, and that such logs were known as the seven up logs; that by reason of appellant's failure to properly construct and maintain its boom, and also by reason of its negligence in failing to have a sufficient number of employees to drive the logs at proper seasons of the year, the boom broke; respondents' logs were thereby permitted to escape and be lost; that only a small portion of them were recovered; and that respondents were thereby damaged.

Appellant denied negligence upon its part; alleged that the logs were properly driven to its boom, where they were held ready for rafting; that respondents were to furnish appellant with boom sticks and swifters to be used in rafting the logs, which respondents after repeated demands neglected to do; that, as a result, a delay occurred in rafting the logs, until an unusual flood of high water brought a large quantity of logs and other timber products down the river; that by reason of respondents' failure to furnish boom sticks and swifters to properly raft their logs, and by reason of the extreme high water and the unusual quantities of timber products coming down the stream, the boom broke; that had it not been for respondents' logs stored in the boom, and which had remained for a long time after they should have been rafted, the boom would not have broken, as it was safely constructed and of ample strength to hold timber products ordinarily carried by

the floods; that many of respondents' logs which thus escaped were recovered by respondents and not accounted for by them to the appellant, while others were recovered by employees of the appellant and accounted for to respondents. Appellant, by counterclaim, demanded judgment for unpaid driving and booming charges alleged to be due from respondents.

The issues presented are whether the boom broke by reason of appellant's negligence, and if so, what was the quantity and value of logs which may have been lost. Respondents introduced evidence tending to show that the boom was not properly constructed, that it was of insufficient strength to securely retain the logs, which caused it to break and the logs to escape. Appellant assigns error on the ruling of the trial court in admitting this evidence. One of the issues was whether appellant was guilty of negligence in failing to properly construct, maintain, and operate its boom. The evidence was therefore admissible and competent. Appellant further insists that excessive damages have been awarded. The evidence is sufficient to sustain the verdict. It was within the exclusive province of the jury to pass upon the credibility of witnesses, to weigh the conflicting evidence, and to determine the damages. This they did, under proper instructions, and their verdict, which is well within the issues and evidence, cannot be disturbed on this appeal. The judgment is affirmed.