HOPKINS, by guardian *ad litem*, Respondent, vs. DROPPERS, Appellant.
HOPKINS, Respondent, vs. SAME, Appellant.

*April 8—October 14, 1924.*

*Motor vehicles: Boy under sixteen as driver: Negligence: Liability for injuries to others: Violation of statute: Contributory negligence: Proximate cause: Parent and child: Father permitting minor to handle motor vehicle: Liability.*

1. Parents are not liable for torts committed by their minor children without some participation by the parent in the fault; and while there may be liability on the ground of agency, there is no presumption of agency from the domestic relationship. p. 403.
2. Neither automobiles nor motorcycles are inherently or *per se* dangerous machines so as to render their owners liable, on that ground alone, for injuries resulting from their use. p. 403.
3. The family-purpose doctrine as applied to motor vehicles does not exist in Wisconsin. p. 404.
4. A father is not liable for injuries caused by his son's negligent operation of a motorcycle on the ground of agency or the relation of master and servant, in the absence of allegations that the son was engaged at the time in the father's business. p. 404.

5. A violation of sec. 1636—49, Stats. 1921, which prohibits children under sixteen years of age from driving motor vehicles on public highways unless accompanied by an adult, is negligence as a matter of law, but does not constitute gross negligence; and the minor who drove the vehicle may show contributory negligence on the part of the injured person or that the violation of the statute was not the proximate cause of the injury. p. 405.

6. An owner may incur liability for his own negligence if he intrusts motor vehicles to those who he knows are wholly incompetent to handle them. p. 410.

7. Under the facts alleged in the complaint, a father who placed a motorcycle under the complete control of his fifteen-year-old son and permitted him to drive on the public highway, in violation of sec. 1636—49, Stats., is held liable for injuries to third persons caused by the son's negligent operation of the motorcycle, if such injuries are proximately caused by the negligence. p. 412.

APPEAL from orders of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Upham, Black, Russell & Richardson,* and oral argument by *Perry J. Stearns,* all of Milwaukee.

*William L. Tibbs* and *L. A. Schweichler,* both of Milwaukee, for the respondent.

The following opinion was filed May 6, 1924:

JONES, J.    It appears from the record that two actions were consolidated for the purpose of the appeals by stipulation and the order of the court.    One action was brought by a minor, *Wells Hopkins,* by his father as guardian *ad litem,* and the other by *Michael Hopkins,* the father, in his own right.

Both were actions for a personal injury caused to the minor plaintiff by the minor defendant. General demurrers were filed by both defendants. Many of the allegations in the complaints are the same, although they vary in such manner as to state the different grounds on which the plaintiffs base their actions.

Omitting formal parts, it is alleged in the complaint of the minor that he was eleven years of age, residing with his father; that at the time of the accident and injury the minor defendant Edward Droppers was of the age of fifteen years, residing with his father, *Henry Droppers,* and under his control; that the defendant father, having knowledge of sec. 1636—49, Stats., had purchased a motorcycle, and, contrary to the statute, placed it under the control of his infant son and permitted him to operate it; that he had also caused to be procured in the name of his son a license for its operation and that he had paid for garage rent and repairs; that the motorcycle was in its use and operation by the minor a dangerous instrumentality to himself and to others upon the highways; that *Henry Droppers* knew, or ought to have known in the exercise of ordinary care, of such danger and ought to have anticipated that injury might occur to some one from such use; that the minor son was so permitted and authorized to operate the motorcycle on the streets of Milwaukee when not accompanied by any adult person; that on August 31, 1922, while Edward Droppers was so operating the motorcycle, contrary to law, by and with the knowledge and consent of his father, he took upon his motorcycle the infant plaintiff, who was not aware of the danger, and operated the car on Clybourn street in such a reckless and careless manner and at such reckless and excessive speed that the plaintiff was thrown to the ground and suffered the injuries complained of; that the negligence of the defendant father consisted in the acts above set forth; and that he neglected to use reasonable care to prevent the unlawful use by his son, and to prevent his son from taking the plaintiff and other children for rides, although he knew or ought to have known the danger thereof; that he breached his parental duty in failing to exercise proper control over his son and failing to make any reasonable attempt

"to prevent the unlawful operation of said motorcycle by his said infant son, although the defendant knew, or

Hopkins v. Droppers, 184 Wis. 400.

ought to have known, that his said infant son was inexperienced in the operation of said motorcycle and that said motorcycle, when operated by his minor son, under the circumstances, was in fact a dangerous instrumentality, likely to cause injury not only to those riding thereon with his said infant son, but also to other persons on and upon said highways."

It was further alleged as to the negligence of Edward Droppers that he operated the motorcycle contrary to the statute, being only fifteen years of age and not accompanied by an adult; that he operated the same in excess of fifteen miles per hour in violation of one of the city ordinances and at a rate of speed greater than was reasonable and proper, having regard to the use of the highways, contrary to another city ordinance; that he failed to reduce the speed at an intersection to such a rate as would tend to avoid danger, as required by one of the city ordinances; and that he failed to keep the motorcycle under proper control and to keep a proper lookout ahead; and that these acts of negligence were proximate causes of the injury.

The complaint then set forth very serious injuries which were the result of the accident.

In this case appellant's counsel have furnished us with a very able and elaborate brief which presents fully not only the authorities favorable but some of those unfavorable to their contentions. They argue at some length certain questions which we shall not discuss and which may be eliminated for the reason that we regard them as well settled by the decisions of this court. Among these subjects are the following:

Parents are not liable for the torts committed by their minor children without some participation in the fault by the parent. There may be liability on the ground of agency or the relation of master and servant; and no presumption of agency arises from the domestic relationship.

Automobiles are not inherently or *per se* dangerous machines so as to render their owners liable on that ground

alone for injuries resulting from their use. *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016; *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627. We see no reason why the same rule does not apply to motorcycles.

Although the courts differ as to the family-purpose doctrine as applied to vehicles of this general character, that doctrine has not been approved in this state. *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627.

There are no allegations in the complaints showing that the son in this case was engaged in the business of his father, and hence no liability can be predicated on the ground of agency or the relation of master and servant.

Counsel for plaintiffs do not claim that the father in this case is liable on any of these grounds, but do claim that a parent may be liable for an injury caused by his minor child when the acts of the parent make it possible for the child to cause the injury complained of, where the father ought to have anticipated that some injury might happen to some one because of his acts.

In this connection counsel for plaintiffs place much reliance on the following statute:

"No person under the age of sixteen years, unless accompanied by parent, guardian or other adult person, and no intoxicated person shall operate, ride or drive any automobile, motor truck, motor delivery wagon, passsenger automobile bus, motorcycle or other similar motor vehicle, along or upon any public highway of this state." Sub. 1, sec. 1636—49, Stats.

But it is claimed by the defendants' counsel that this statute imposes no liability upon any one except the operator of the machine, and that the penalties for violation are imposed on him alone; and that the minor alone is responsible for breaches of the criminal law.

It is probably true that under the terms of the statute the adult defendant would not be liable in a criminal action for any of the acts stated in the complaint. But this is beside

the point. The real question is whether, under such a state of facts, he has incurred any civil liability.

This statute was undoubtedly enacted for a double purpose. It was not only to prevent minors within the prohibited class from injuring themselves, but, what is more important, to prevent injury to the life and limb of others. Although it is true, as counsel argue, that minors under sixteen may acquire great skill in managing automobiles and motorcycles, it was doubtless the view of the legislature that as a rule minors under sixteen are less skilled in managing such machines than their elders. Not only that, they are as a rule less thoughtful of their own safety and the safety of others than in maturer years.

The statute under consideration subjects the offender to fine or imprisonment. It is well settled, at least in this state, that a violation of statutes of this character resulting in injury to another is negligence *per se*. *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433; *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988; *Benesch v. Pagel,* 171 Wis. 620, 177 N. W. 861.

Violation of such statutes is a want of ordinary care and negligence as a matter of law, but not gross negligence such as is attributable to those who violate statutes prohibiting the sale of firearms and the employment of minors under sixteen years in certain employments. These are regarded as offenses so serious and so regardless of human safety and human life that contributory negligence of the injured person is no defense. *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899; *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84; *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190.

There can be no escape from the conclusion, assuming the allegations of the complaint to be true, that the minor in this case was guilty of negligence, but not of that degree of negligence which would deprive him of the right to show

that the injury was caused by the contributory negligence of the plaintiff, or that his violation of the statute had no proximate causal connection with the accident. *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Riggles v. Priest,* 163 Wis. 199, 157 N. W. 755.

When we come to consider whether the complaint states facts showing negligence on the part of the father, a far more serious question arises. There is quite a general impression that parents are civilly liable for the tortious acts of their minor children. But although the books abound in cases where parents have been compelled to respond in damages for such acts, with few exceptions the liability has been grounded on the principle of agency or the relation of master and servant.

No case decided by this court has been called to our attention which can be said to be an exact precedent for the one before us. Of numerous Wisconsin cases cited by defendants' counsel we shall refer to a few which seem to have a direct bearing on this question.

In *Harris v. Cameron,* 81 Wis. 239, 51 N. W. 437, it was held that the purchase by a father of an air-gun, commonly used as a toy, for his son, eleven years old, was not negligence *per se,* and that he could not reasonably have anticipated the dangerous use of it by a boy to whom the son had lent it.

In *Winkler v. Fisher,* 95 Wis. 355, 70 N. W. 477, a minor son was directed by his father to use a gun and shoot crows on the farm. He was to receive ten cents for each crow there killed. The boy left the farm, and when several miles away carelessly injured another boy. It was claimed by plaintiff that by employing his son to hunt with a gun' the defendant assumed the risk of his carelessness; but it was held there was no liability because the boy was not at the time of the accident in the father's service.

In *Taylor v. Seil,* 120 Wis. 32, 97 N. W. 498, a father bought a rifle for his seventeen-year-old boy who was ac-

customed to hunt and was frequently accompanied by a seven-year-old brother who usually carried the gun, as the older boy was crippled. The father knew of this, but had given instructions that the younger boy should not have the gun in his hands when it was loaded, and did not know that the instructions were sometimes disregarded. They were disregarded and another boy was killed. The case was submitted to the jury and they found for the defendant. The court held that it was not obvious negligence to intrust the carrying of an unloaded gun to the younger boy and that the case was properly submitted to the jury.

In *Schmidt v. Wis. S. Co.* 175 Wis. 613, 186 N. W. 222, a boy twelve years old was killed in a collision with a railroad train while he was driving a car when accompanied by an adult. The action was brought against the employer under a statute forbidding the employment of minors in certain occupations. It was held that there was no provision in the statute to the effect that the driving of an automobile was dangerous or hazardous and that such vehicles cannot be placed in the category of dangerous contrivances, and that the legislature did not intend to prohibit the driving of such vehicles by minors under sixteen when accompanied by an older person.

In *Haggerty v. Rain,* 177 Wis. 374, 186 N. W. 1017, it was held that a person under sixteen had a legal right to drive a car when accompanied by an adult person.

The only Wisconsin case cited by counsel for plaintiffs which bears directly upon the liability of a parent for the negligence of a minor child is *Hoverson v. Noker,* 60 Wis. 511, 19 N. W. 382. In this case defendant's two boys on several occasions fired a gun and so frightened plaintiff's horses which were passing as to cause damage. It was held that if the father permitted his young sons to discharge firearms as alleged, he permitted that which was likely to result in damage to those passing and would be legally and morally responsible for the damage done.

In other jurisdictions there are numerous cases based on the claim that a parent has been negligent in allowing firearms to be used by minors or in leaving them in such places that they were accessible to children and where injury to others was thus caused. In some of these cases it was held as a matter of law that there was no negligence; in others that it was a subject for the jury. Many of these, including English cases, are cited in *Salisbury v. Crudale,* 41 R. I. 33, 102 Atl. 731. See, also, note in 10 L. R. A. N. s. 944, and note in 74 Am. St. Rep. 806.

In this class of cases the result depends largely on the facts of each case and on the question whether the parent is connected with the act complained of by consent or approval or whether he has been negligent in permitting access to or use of the firearms under such circumstances that he should reasonably have anticipated danger to others. They are generally lacking in one element which we have to consider in this case, namely, the prohibitory statute.

There is another very large class of cases in which it is held that the owner of a car is not liable for the negligence of his son, whether a minor or not, or the negligence of another member of the family, when that person is using the car for his own pleasure or business merely, even though such use is known to the parent. *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627; *Geffert v. Kayser,* 179 Wis. 571, 192 N. W. 26. In *Hays v. Hogan,* 273 Mo. 1, 200 S. W. 286, these cases are cited and reviewed at length. They rest on the view that in such cases there is no relation of agency or master and servant.

Of course, in those states in which the so-called family-purpose doctrine prevails, a different conclusion is often reached in this class of cases.

There is another class of decisions more analogous to the one we are called upon to make. Suppose a father gives over to his son, or another, the use of a car or motorcycle knowing that he is a reckless or incompetent driver, or that

he is intoxicated, and through the negligence of that person injury is caused to another. Is such an act on the part of the owner his own negligence? In respect to this situation there seems to be very little authority for the proposition that there is no liability.

In *Neubrand v. Kraft,* 169 Iowa, 444, 151 N. W. 455, the action was brought by the injured party against a garage keeper on the ground that he had let his automobile to his codefendant, who, it was claimed, was not familiar with the operation of that kind of a car. Although the defendant was held not liable, the court in the opinion intimated that there might be liability if an owner should let a car to an immature child, or to one known to be intoxicated, or otherwise incompetent, and injury to others should result.

In *Doran v. Thomsen,* 74 N. J. Law, 445, 66 Atl. 897, it was ruled on demurrer that an owner of an automobile is not liable for an injury caused by the negligent driving of a borrower if the car was not used at the time in the owner's business, although the declaration was to the effect that the owner well knew that the person was incapable of safely operating the vehicle.

On the other hand, the decided trend of the decisions is in the direction of sustaining liability in such cases. It is said in Berry, Automobiles (3d ed.) § 1040:

"*Intrusting automobile to incompetent person.* Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same, on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine.

"An automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If he intrusts it to a child of such tender years that the probable consequence is that he will injure others

in the operation of the car, or if the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in intrusting the car to an incompetent person is deemed to be the proximate cause of the damage.

"In such a case of mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver; negligence of the owner in intrusting the machine to an incompetent driver, and of the driver in its operation." See, also, Huddy, Automobiles (6th ed.) sec. 662.

The following are some of the cases holding the general rule thus expressed: *Rocca v. Steinmetz,* 61 Cal. App. 102, 214 Pac. 257; *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6; *Gardiner v. Solomon,* 200 Ala. 115, 75 South. 621; *Allen v. Bland* (Tex. Civ. App.) 168 S. W. 35; *Elliott v. Harding,* 107 Ohio St. 501, 140 N. E. 338.

The allegation in the complaint as to whether the father had knowledge that his son was in fact inexperienced in the operation of the machine is not very specific, but, in view of the rule that pleadings are to be liberally construed, those allegations are probably definite enough to bring the case within the rules laid down in the cases last cited.

Counsel for defendants greatly rely on the rule declared in *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016, and other cases, that motor vehicles are not inherently or *per se* dangerous instrumentalities, and it is claimed that under that rule the father is exempted from liability. It is held in that case that when such vehicles are properly handled they are as readily managed as other vehicles in common use, and that the dangers incident to their use are commonly the result of the negligent conduct of those operating them. There is nothing in that case inconsistent with the view that an owner may incur liability for his own negligence by intrusting automobiles or motorcycles to those whom he knows to be wholly incompetent to manage them.

There remains to be considered the question, What is the rule of liability when a father places under the complete control of his son a car or motorcycle knowing its use by him is forbidden by statute as a criminal act? This is a new problem in this state and the precedents from other jurisdictions are few in number.

In *Wilson v. Brauer,* 97 N. J. Law, 482, 117 Atl. 699, it appeared that the owner of an automobile authorized a beginner who had no driver's permit and knew nothing of the operation of the car to run it upon the streets of a city for the purpose of learning. By reason of his inexperience injury was caused to a pedestrian. It was held that the owner was liable, and that such liability rested not upon his ownership but upon the combined negligence of the owner and that of the driver. In that case it does not appear that any statute was violated.

In a few states where there are statutes similar to our own there is an added clause making it a misdemeanor for the owner to allow his car to be used by any one below a specified age. In Nebraska, under such a statute, it was held that a parent was civilly liable for a violation of the statute. *Walker v. Klopp,* 99 Neb. 794, 157 N. W. 962.

In *Taylor v. Stewart,* 172 N. C. 203, 90 S. E. 134, a father permitted his son, thirteen years of age, to operate a car in violation of a statute. This was held negligence on the part of the father.

In *Schultz v. Morrison,* 91 Misc. 248, 154 N. Y. Supp. 257, under a statute similar to our own, and in *Daily v. Maxwell,* 152 Mo. App. 415, 133 S. W. 351, the same rule was declared.

These cases do not stand on any theory that motor machines are dangerous instrumentalities, or of agency, but are based on the ground that if a father knows that his minor child, under his control, is committing a tort or violating a statute, and makes no effort to restrain him, he will be regarded as authorizing or consenting to the act and held

civilly liable for the consequences if that act is the proximate cause of injury to others.

These cases and those cited earlier in this opinion apply the principle early declared in this state when it was held that a father might be held responsible for injury caused by the negligent acts of his sons committed with his consent. *Hoverson v. Noker,* 60 Wis. 511, 19 N. W. 382.

Without anticipating what the evidence may show, we of course are bound on demurrer by the allegations of the complaint. From these averments it appears, among other things, that the defendant father bought and placed in the complete control of his son, whom he knew or ought to have known was an inexperienced driver, for his free use in a crowded city, a machine which, if carelessly managed, might cause serious injury to others, and that by so doing he knowingly countenanced and encouraged his minor son to violate a statute of the state, and that these acts and the negligence of the son were the proximate cause of the injury complained of.

The general object of that statute has been already stated. The statute amounts to a legislative declaration that a minor under sixteen is unfit to drive motor machines on the public streets unless accompanied by an adult, and a violation of the statute is negligence.

When the father authorized this violation of law he failed in that duty which every good citizen owes to the public. He failed to observe for the safety of other persons that degree of care which the circumstances justly demanded. Although the motorcycle was not in itself a dangerous instrumentality, it was a machine of such a nature that when negligently driven it might menace the safety of other persons. This is a well known fact and one which in the exercise of ordinary care the father could reasonably anticipate.

It is argued the parent in this case could hardly foresee

Olbrich v. Mutual Fire Ins. Co. 184 Wis. 413.

or anticipate the injury complained of. This argument is met by repeated decisions of this court.

"It is not required that the 'specific' injury or 'such' an injury as is complained of was or ought to have been specifically anticipated as the natural and probable consequence of the wrongful act. It is sufficient if the facts and circumstances are such that the consequences attributable to the wrongful conduct charged are within the field of reasonable anticipation; that such consequences might be the natural and probable results thereof, though they may not have been specifically contemplated or anticipated by the person so causing them." *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 156 (103 N. W. 271); and cases cited.

It is further contended that the plaintiffs were guilty of contributory negligence. On the facts alleged we cannot so hold. We conclude that the demurrers were properly overruled.

*By the Court.*—Orders affirmed.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.