McGEE, Respondent, vs. HAHN, imp., Appellant.

*January 11—February 8, 1927.*

*Automobiles: Liability of father of minor driver: Evidence: Sufficiency.*

In an action for injury to plaintiff's automobile by a collision on a highway with an automobile driven by the defendant's thirteen-year-old son, the evidence, which consisted chiefly of an admission which the plaintiff claimed the father made shortly after the accident, is *held* not sufficient to sustain an answer in the special verdict that the father habitually permitted his son to drive unaccompanied by an adult.

APPEAL from a judgment of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. Reversed.

Injury to property. On August 14, 1925, while the defendant *Ben Hahn* and his wife were away from home, his thirteen-year-old son, Earle Hahn, accompanied by another boy, took the defendant *Ben Hahn's* truck out of his father's garage, out upon highway number 60. While proceeding along highway number 60 with the intention of turning into a neighbor's driveway and just as he was about to make the turn, the truck driven by Earle Hahn was struck from the rear by plaintiff's car, which sustained the damages complained of in this case. It is claimed by the plaintiff that the defendant *Ben Hahn* permitted Earle Hahn to drive the car unaccompanied by an adult person and that he "had so operated said car repeatedly prior to August 14, 1925, with the consent of the defendant *Ben Hahn.*"

The jury found upon the special verdict that the defendant *Ben Hahn* was in the habit of permitting his son Earle to drive the Ford truck without being accompanied by an adult person; that Earle Hahn did not at the time in question drive the Ford truck contrary to the instructions of his father; that Earle Hahn failed to exercise ordinary care in operating and managing his Ford truck at and just previous to the time of the collision; that such failure to exercise ordinary care was the proximate cause of the damages sustained by the plaintiff; that plaintiff was not guilty of contributory negligence, and that the damages sustained by him amounted to $86.36. There was a motion for a new trial which was denied and judgment was entered upon the verdict, from which the defendant appeals.

For the appellant the cause was submitted on the brief of *Russell & Peters* of Hartford.

For the respondent there was a brief by *Kelley & Ostrander* of Princeton, and oral argument by *G. E. Ostrander.*

ROSENBERRY, J.   The plaintiff seeks recovery in this case on the authority of *Hopkins v. Droppers,* 184 Wis. 400, 198 N. W. 738.   In the view that we take of the case we shall not be required to consider the application of that case to the circumstances of this, for we find no evidence which sustains the answer of the jury to the first question by which the jury found that the defendant *Ben Hahn* was in the habit of permitting his son Earle to drive the truck without being accompanied by an adult person.   The only evidence in the case which tends to sustain the jury's findings in that regard is an admission testified to by the plaintiff, claimed to have been made by the defendant shortly after the date of the accident.   Plaintiff testified:   ·

"I asked him if he wanted to settle or what he wanted to do about it, and he said that he didn't want to say anything because he thought that·I was as much in the wrong as the boy was; that he figured that the boy could drive the car as good as he could; that he had taken the girl to work to the factory in Hartford over a year."

It appears without dispute that Earle had taken his sister on one occasion to the factory and that he had driven the car home unaccompanied; that he had been reprimanded therefor; that his father had repeatedly warned him not to take the car out, and that he had not taken the car out on any other occasion; that on the night in question the father had specifically directed the son not to take the truck from the garage; that he had done so because another boy was there playing and he feared under such circumstances the boy might be tempted to take the car.   It appears that the boys were not going any distance on the highway, but were turning into the driveway of an adjoining neighbor.   There is no evidence in the case which brings it within the rule of the *Hopkins Case* or shows liability on the part of the defendant *Ben Hahn* on any account whatever.   The *Hopkins*

Estate of Suckow, 192 Wis. 124.

*Case* was decided upon demurrer, and the facts as stated in the complaint showed a long-continued violation of the law, purchase of the motorcycle by the father, practically a gift of it to the son, and an encouragement for him to use it in violation of the law. It appears without dispute that the car had not been owned a year by the defendant *Ben Hahn,* and the admission was made under circumstances which give it little evidentiary value. When taken in connection with all the circumstances of the case, it is insufficient to sustain the finding of the jury.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.