Treptow and another, Appellants, vs. Rufledt, Respondent.*

*March 10—April 12, 1949.*

*Vance L. Sinclair* of Chippewa Falls, for the appellants.

For the respondent there was a brief by *B. J. Kostner* of Bloomer, attorney, and *Fugina, Kostner, Quinn & Ward* of Arcadia of counsel, and oral argument by *Lavern Kostner* and *B. J. Kostner*.

WICKHEM, J.  At the time of the accident, Emil Rufledt was thirty-three years old and lived with his father, Herman, working as a farm hand.  At the age of sixteen or seventeen Emil had been subjected to a mental examination but was not committed.  When he was twenty years old he was committed

to Mendota but paroled after six months to his father. He was again committed at the age of twenty-eight but paroled after a short period of confinement. On April 28, 1944, he was given a mental examination and a commitment was issued. There is evidence that on this occasion the court actually found Emil insane and it is a fact that the commitment was never delivered to the sheriff for execution. Since that time Emil has remained with his father on the farm helping in the work and management of the farm. He is an experienced and skilful hunter and has hunted for years. He exhibited no homicidal tendencies, engaged in ordinary activities, attended dances, and his general conduct did not attract unfavorable attention. On November 25, 1946, Herman and his two sons went deer hunting. Emil killed a deer and the father went to bring his automobile to remove it. On his way he met a hunting party of which deceased was a member. This party had a car and offered to assist in removing the deer. In the meantime Emil and his brother had gone back into the woods. The deer was fastened on to the right side of the car and deceased sat in the right rear seat with another member of the party. After the car had proceeded about twenty rods decedent was shot from some place outside of and to the rear of the car. He was removed to a hospital where he died the following day. It was later established that the shot was fired by Emil Rufledt.

Plaintiffs contend that a father is liable for the tort of his adult son under the circumstances of this case and that if he is so liable the element of causation is clearly established. We shall assume that if there was negligence on the part of the father in this case there was also causation because we prefer to put the case upon the issue of negligence.

Plaintiffs' claim is that having undertaken the custody of an insane son the father owed a duty to take reasonable precautions to prevent the son from injuring others; that he failed in this duty when he permitted and assisted him to pos-

sess and use firearms. *Hoverson v. Noker,* 60 Wis. 511, 19 N. W. 382, is cited to the effect that when a father permits things to be done by his children that are likely to result in damage to others he is legally responsible for the damage done. In addition to this plaintiffs rely upon *Hopkins v. Droppers,* 184 Wis. 400, 198 N. W. 738, which held that a father who, contrary to law, permitted a son under sixteen years of age to have and operate a motorcycle was liable for injuries negligently inflicted by the son in so operating the motorcycle. We shall attempt no general discussion of the liability of a parent for the torts of an adult child who lives with him. Assuming a duty and a liability on his part under proper circumstances, a fact which we do not decide or investigate, it is clear to us that there is no liability here. It is undisputed that the son in this case was an experienced and a skilful hunter and had hunted for years without accident or mischance. Hence, there was no reason for the father to anticipate or to foresee that injury would likely result to others from the incompetence or negligence of the son. The record contains no evidence as to the character of the son's insanity, if, indeed, he was insane. We are completely in the dark as to the abnormal characteristics of the son, if any. There is no evidence that the son's abnormal condition was continuous and if it was not continuous that it existed at the time of the accident. True, at intervals of several years the son had been committed but he had been released in each instance after a short period of confinement and it is a fair assumption that the authorities then considered him either cured or harmless. We are of the view that plaintiffs have wholly failed to show any negligence on the part of Herman Rufledt and that upon defendants' motion to review the judgment should be affirmed.

*By the Court.*—Judgment affirmed.