PAWLAK, Appellant, vs. MAYER, Respondent.

*January 7—February 2, 1954.*

56

For the appellant there was a brief by *Gold & McCann,* and oral argument by *Roland J. Steinle, Jr.,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee.

MARTIN, J. Appellant relies upon *Hopkins v. Droppers* (1924), 184 Wis. 400, 411, 198 N. W. 738, where it was said:

"These [last cited] cases do not stand on any theory that motor machines are dangerous instrumentalities, or of agency, but are based on the ground that if a father knows that his minor child, under his control, is committing a tort or violating a statute, and makes no effort to restrain him, he will be regarded as authorizing or consenting to the act and held civilly liable for the consequences if that act is the proximate cause of injury to others."

And on *Hoverson v. Noker* (1884), 60 Wis. 511, 513, 19 N. W. 382:

"It will be seen by an examination of the record that it became important for the plaintiffs to connect the father with

the acts of his young sons, which the plaintiffs allege caused the injury complained of, and for this purpose the plaintiffs offered evidence tending to prove that the sons had frequently, before the day upon which the accident happened, called abusive names, shouted, and frequently discharged firearms when persons were passing the house of the defendants, and that this was often done in the presence of their father. All evidence of this kind was excluded. This, we are inclined to hold, was error."

It will be noted that in the latter case this court reversed the trial court because certain evidence was excluded that should have been presented to the jury. We have no disagreement with the decisions in these cases. The only question before us is whether the facts in the instant case are such as to make the father liable under the rule of the cases. As stated by the circuit court:

"The facts in this case differ from those in the *Hopkins Case*. In the case at bar, the father:

"(a) Forbade the son to use the air gun except in the house.

"(b) Hid the air gun in the attic.

"(c) Did not know that the air gun used when the accident occurred belonged to his son.

"(d) Had no reason to assume that his son would violate his instructions and use the air gun without his permission.

"The facts in [the *Hoverson Case*] differ materially from the facts in the case at bar. There is no evidence in our case that the father, with full knowledge of any alleged irresponsible conduct on the part of his son, permitted him to indulge in such conduct. The evidence discloses that young Mayer had possession of the air gun on the day of the accident despite the strict orders of his father not to use the air rifle outside of his home, and that he took it from the attic where the father had hidden it."

See *Seibert v. Morris* (1948), 252 Wis. 460, 32 N. W. (2d) 239.

In our opinion the trial court's findings are amply supported by the evidence, and the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.